**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KERRY HARMON, | No. 20-35096 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00485-DCN |
| v. | |
| CITY OF POCATELLO; POCATELLO POLICE DEPARTMENT; and SHANNON BLOXHAM, BRANDON VAIL, SHAUN WRIGHT, and RUSS GUNTER in her and/or his individual official capacity as a police officer of the Pocatello Police Department, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted March 12, 2021
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Kerry Harmon appeals from the district court's summary judgment for the

City of Pocatello, City of Pocatello Police Department, police officers Shannon

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Bloxham, Brandon Vail, Shaun Wright, and Russ Gunter (collectively, the Defendants).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's decision to grant or deny summary judgment." *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* "We also review a grant or denial of qualified immunity de novo." *Id.* We affirm.

On October 19, 2015, Nicole Insley filed a complaint with the Pocatello police department (the police department) alleging telephone harassment by her mother, Kerry Harmon. After speaking with Insley, police officer Busch prepared an incident report and arrest warrant. On October 30, 2015, police officer Shaun Wright prepared an affidavit for probable cause to arrest Harmon, which cited Officer Busch's incident report as the basis for the probable cause determination. Relying on Officer Wright's probable cause affidavit and the attached incident report, a state magistrate judge issued an arrest warrant for Harmon for engaging in telephone harassment in violation of Idaho Code section 18-6711.

---

[1] Harmon agreed that Officer Gunter should be dismissed from the case, so there are only three officer defendants for purposes of this appeal.

2

On February 27, 2016, the police department received a complaint from Cassie Hughes, alleging that Harmon was harassing her via telephone. Police officer Brandon Vail was tasked with investigating Hughes's complaint. During his investigation, Officer Vail discovered the October 2015 arrest warrant for Harmon. On February 28, 2016, Officer Vail and fellow police officer Shannon Bloxham went to Harmon's house to investigate the Hughes complaint and to serve the outstanding arrest warrant. When Harmon came to the door, Officers Vail and Bloxham spoke with her about the Hughes complaint and notified her that they were placing her under arrest for the October 2015 complaint. Harmon attempted to close the door, and Officer Bloxham grabbed Harmon by her wrist, which according to Harmon was in a brace following recent treatment for arthritis. Harmon pulled away, broke Officer Bloxham's grasp, and went to another part of her house to speak with her attorney by telephone. Police officer Daniels arrived and spoke with Harmon's husband, who was still in the doorway, and with her attorney by telephone. Officer Daniels agreed to allow Harmon to present herself at the courthouse the next day. The following day, Harmon reported to the courthouse and was arraigned for misdemeanor telephone harassment. In August 2016, the state court granted the prosecutor's motion to dismiss the charge relating to the October 2015 complaint.

I.

Harmon argues that Officers Bloxham and Vail violated her Fourth Amendment rights by unlawfully arresting her and that the district court erred by granting Officers Bloxham and Vail qualified immunity on the section 1983 unlawful arrest claim. "A claim for unlawful arrest is cognizable under [section] 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted). "[T]he application of physical force to the body of a person with intent to restrain is a seizure even if the person does not submit and is not subdued." *Torres v. Madrid*, No. 19-292, slip op. at 17 (U.S. Mar. 25, 2021).

However, "[i]t is well established that, in an action for unlawful arrest pursuant to a facially valid warrant, a police officer is entitled to qualified immunity unless 'no officer of reasonable competence would have requested the warrant.'" *Case v. Kitsap Cnty. Sheriff's Dep't*, 249 F.3d 921, 926 (9th Cir. 2001), *quoting Malley v. Briggs*, 475 U.S. 335, 346 n.9 (1986). Even if Officer Bloxham's grabbing of Harmon's wrist was a seizure and even if probable cause was lacking, Harmon does not contend that Office Wright's warrant application was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley*, 475 U.S. at 345. Without reaching the issue of whether an unlawful arrest occurred, we affirm the district court's summary

4

judgment on the ground that it did not err in granting Officers Bloxham and Vail qualified immunity.

## II.

Harmon argues that Officers Bloxham and Vail violated her Fourth Amendment rights by exercising excessive force against her. "Under the Fourth Amendment, police may use only such force as is objectively reasonable under the circumstances." *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000), *citing Graham v. Connor*, 490 U.S. 386, 397 (1989). When weighing an excessive force claim, summary judgment is appropriate if the court "concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). Our court outlined the analysis required under *Graham*:

> Our analysis proceeds in three steps. First, we assess the gravity of the particular intrusion on Fourth Amendment interests by evaluating the type and amount of force inflicted. Second, we assess the importance of the government interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. Third, we balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable.

*Miller v. Clark County*, 340 F.3d 959, 964 (9th Cir. 2003) (citations omitted).

Officer Bloxham grabbed Harmon by her wrist to initiate an arrest, and Harmon

5

pulled her arm away, breaking Officer Bloxham's grasp.  Officer Bloxham used minimal force to attempt to initiate an arrest.  Harmon resisted Officer Bloxham's attempt to initiate an arrest by pulling her arm away and breaking Officer Bloxham's grasp.  Irrespective of Harmon's existing wrist condition, the type and amount of force applied by Officer Bloxham was objectively reasonable.  The district court did not err in entering summary judgment for the Defendants on Harmon's section 1983 excessive force claim.

III.

Harmon argues that Officer Wright violated her Fourth and Fourteenth Amendment rights by maliciously prosecuting her.[2]  "To maintain a [section] 1983 action for malicious prosecution, a plaintiff must show that 'the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her [a] specific constitutional right.'"  *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011) (alteration in original), *quoting Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995).  Moreover, a section 1983 plaintiff may state a malicious prosecution claim against a government investigator who submits false and material information in a warrant affidavit.  *See Galbraith v.*

---

[2] In her Second Amended Complaint, Harmon appears to assert a malicious prosecution claim against Officers Vail and Bloxham as well.  On appeal, however, Harmon makes clear that her malicious prosecution claim is exclusively against Officer Wright, so we do not consider the viability of a malicious prosecution claim against Officers Vail and Bloxham.

*County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). To succeed on such a claim, the plaintiff "must show that the investigator made deliberately false statements or recklessly disregarded the truth in the affidavit and that the falsifications were material to the finding of probable cause." *Id.* Harmon argues that Officer Wright made several misrepresentations and omissions in his probable cause affidavit relating the October 2015 complaint, including "that [Officer] Wright was the investigating officer and had conducted an investigation, that he had made a personal determination that there was probable cause to arrest Harmon, and that he had read the contents of a police report and its exhibits, prepared by two other officers." However, we need not reach the issues of malice or probable cause because there is no evidence to establish that Officer Wright acted "for the purpose of denying [Harmon] a specific constitutional right." *Smith*, 640 F.3d at 938. Accordingly, the district court did not err in entering summary judgment for the Defendants on Harmon's section 1983 malicious prosecution claim.

IV.

Harmon alleges that the City of Pocatello (the city) violated her constitutional rights by implementing customs or practices to have officers misrepresent or omit material facts in probable cause affidavits and training officers not to show arrest warrants to arrestees, purportedly in violation of Idaho state law. "[A] municipality cannot be held liable under [section] 1983 on a

*respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To establish a municipality's liability under *Monell*, a plaintiff "must show that (1) she was deprived of a constitutional right; (2) the [municipality] had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (citation and quotation marks omitted). Since no violation of any constitutional right occurred, we need not reach the *Monell* claim against the city. *See Aguilera v. Baca*, 510 F.3d 1161, 1174 (9th Cir. 2007). Moreover, irrespective of what the state law requires, Harmon's argument fails because "when States go above the Fourth Amendment minimum, the Constitution's protections concerning search and seizure remain the same." *Virginia v. Moore*, 553 U.S. 164, 173 (2008).

**AFFIRMED.**